United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40538
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANTONIO BERNARD BALLARD,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-658-2
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

     Antonio Bernard Ballard (Ballard) appeals his jury

conviction for aiding and abetting the transportation of illegal

aliens within the United States by means of a motor vehicle in

violation of 8 U.S.C. § 1324(a)(1)(A)(ii).

     Ballard contends that the evidence at trial was insufficient

to sustain the jury's verdict.  Specifically, he argues that the

Government did not establish that he was the person who assisted

Andrew Green (Green) in transporting the aliens and that he knew

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or was in reckless disregard of the fact that the persons in the trailer were illegal aliens.

Viewing the evidence in the light most favorable to the verdict, the evidence was sufficient to establish that Ballard was the person who assisted Green in transporting the aliens and that he knew or was in reckless disregard of the fact that the persons in the trailer were illegal aliens. Ballard was a passenger in the tractor-trailer in which 11 illegal aliens were found locked without food, water, ventilation, or light. Two of these aliens, Margarita Llamas-Quintero (Llamas-Quintero) and Esperanza Ramirez-Orozco (Ramirez-Orozco), testified that they illegally entered the United States with the aid of smugglers who were to be paid upon their arrival in Houston. Llamas-Quintero and Ramirez-Orozco testified that they were loaded into the trailer at approximately 10:50 p.m. They identified Ballard as one of the men who helped them get into the trailer. Llamas-Quintero and Ramirez-Orozco testified that Ballard instructed them in Spanish to hurry up, cover themselves with blankets, and not make any noise. Llamas-Quintero also testified that she overheard Ballard discussing money with Green. Agent January testified that Ballard admitted understanding Spanish and that he had taken two years of Spanish in college. The jury was presented with the inconsistencies in Llamas-Quintero's and Ramirez-Orozco's testimony, as well as the fact that their identification of Ballard was made after they saw him at the U.S.

Border Patrol Checkpoint station. Nevertheless, the jury found their testimony credible and chose not to believe Ballard's exculpatory testimony. This court will not disturb the jury's credibility determination on appeal. See United States v. Wise, 221 F.3d 140, 147 (5th Cir. 2000). Therefore, the evidence was sufficient to sustain the jury's verdict. See United States v. Nolasco-Rosas, 286 F.3d 762, 765 (5th Cir. 2002).

For the first time on appeal, Ballard contends that the Government violated his Fifth Amendment right to due process and Sixth Amendment right to compulsory process when it failed to disclose favorable statements made by the non-testifying alien witnesses and failed to make these witnesses available to the defense. Because Ballard did not object on this basis in the district court, this court's review is for plain error. See United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc). Under the plain-error standard of review, Ballard bears the burden of showing that (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). If these conditions are satisfied, this court has the discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

Ballard has failed to make a plausible showing that the testimony of the non-testifying alien witnesses would have been

material, favorable, non-cumulative, and reasonably likely to affect the jury's verdict. Jorge Barrientos-Almazan's (Barrientos-Almazan) statement was consistent with and cumulative of the testimony presented by Llamas-Quintero and Ramirez-Orozco. Although Barrientos-Almazan, Aida Pierda-Gomez (Pierda-Gomez), and Jorge Martinez-Perez (Martinez-Perez) stated that a Hispanic male was present, these statements, even if accepted by the jury as true, prove only that another person was present and are not inconsistent with Llamas-Quintero's and Ramirez-Orozco's identification of Ballard as one of the men who helped them into the trailer. See United States v. Villanueva, 408 F.3d 193, 200 (5th Cir. 2005). Further, although Pierda-Gomez and Martinez-Perez stated that they did not see Ballard, they also did not see Green despite his having admitted his involvement in the offense. Therefore, Ballard cannot show plain error. See id. at 200-01; Olano, 507 U.S. at 732.

Accordingly, the district court's judgment is AFFIRMED.